ACCEPTED
04-14-00301-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/15/2015 10:07:43 PM
KEITH HOTTLE
CLERK

## NO. 04-14-00301-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
06/15/2015 10:07:43 PM
KEITH E. HOTTLE
Clerk

IN THE COURT OF APPEALS

FOURTH COURT OF APPEALS DISTRICT

SAN ANTONIO, TEXAS

THE CITY OF SAN ANTONIO,

APPELLANT,

V.

GERARD CORTES,

APPELLEE.

# APPELLEE'S MOTION FOR REHEARING

RICKY J. POOLE
State Bar No. 16124680
LAW OFFICES OF RICKY J. POOLE
THE FORUM BUILDING
8000 IH-10 West, Suite 600
San Antonio, Texas 78230
210-525-7988 [TELEPHONE]
210-525-7987 [TELECOPIER]
rpoole@alamocityattorney.com

ATTORNEYS FOR APPELLEE

## I. Introduction

Through its opinion signed and entered on April 29, 2015, this Court held that "collateral estoppel prevents relitigation of the underlying issues in this appeal. . . ." Gerard Cortes asks the Court to reconsider its prior decision and grant this request for rehearing, because the Court's opinion fails to recognize both the procedural and substantive differences unique to Gerard Cortes's case, which distinguish it from the prior lawsuit brought by the International Association of Fire Fighters, Local 624.

## II. Argument and Authorities

### A. The CBA Specifically Authorizes Individual Firefighters to Avoid Arbitration and Proceed to District Court.

Initially, the Court fails to recognize the explicit procedural grant contained within the Collective Bargaining Agreement which allows Gerard Cortes to bypass arbitration and file his lawsuit in district court. Pursuant to Article 30, Section B of the CBA, the agreement specifically allows San Antonio Fire Department (SAFD) *individual employees* (as opposed to the Union itself) who are claiming violations of statutory rights to select *either* the grievance/arbitration procedure *or* to file a lawsuit:

> Employee claims of violation of statutory or constitutional rights may be submitted to the grievance/arbitration procedure or may be pursued by means of judicial and/or administrative appeal; provided that once the employee has elected to file a lawsuit and/or administrative claim, all issues raised by the dispute or claim will be resolved in such lawsuit and/or administrative process. . . .

Section B further denies the City the right to seek an abatement of the lawsuit where the individual employee has invoked this provision as the basis for his judicial claim:

In such circumstances, the City shall not be entitled to abatement of a suit involving the contract claims, related to the statutory or constitutional claims asserted, for failure to grieve such contract matters initially.

Even though this Court quotes this precise language in its opinion on pages 5 and 6, the Court's decision completely ignores the meaning and effect of this language through its denial of Cortes' contractual right to seek a judicial remedy for his claims of statutory violations by the City.

Ironically, this Court's prior opinion in *City of San Antonio v. International Association of Fire Fighters, Local 624*, Nos. 04-12-00783-CV & 04-13-00109-CV, 2013 WL 5508408, at *7, 8 (Tex.App. – San Antonio Oct. 2, 2013, no pet.) recognized the distinction between a Union grievance and an individual fire fighter grievance:

A review of these terms of the CBA reveals the parties' intention that: (1) disputes based solely on "the interpretation and/or application" of the CBA be submitted to the arbitration procedure; and (2) employees have the choice to pursue claims based on a statutory violation using either the arbitration procedure or a judicial forum, even if related contract claims are also made. Although denying that the claim in this case is statutory, the City argues that, regardless, subpart B applies only to an *employee's* individual claims, not a union's claims.

*Id.* (emphasis original). In the case at bar, the Court references the above language from both the CBA and the Court's prior opinion involving Local 624, and then notes that this Court previously "concluded that the Union's claims did fall within the scope of the arbitration agreement." *Opinion at 5.* On that basis, this Court then applied collateral estoppel, and similarly denied Cortes' right to seek judicial review. *Opinion at 9.*

The fundamental error in this Court's reasoning in the present opinion is its failure to recognize the *reason why* this Court previously held that the Union's claims were subject to mandatory arbitration. The prior claims raised by Local 624 fell within the ambit of the CBA's arbitration provision *not* because Local 624 failed to raise statutory claims, but because the claims, even though they were statutory in nature, still required "the interpretation and/or application" of the terms of the CBA. Specifically, on page 9 of its prior decision, this Court recognized that Local 624 seeks a "judicial declaration" under Chapter 174, but then concluded: "[A] court cannot make such a declaration without first interpreting the current CBA provisions regarding health-care benefits, and then determining whether the information or action required by the City alters or changes the CBA's current provisions." *Id. at *9.* In other words, in order for a court to determine if the City failed to negotiate changes to any of the collective bargaining provisions as mandated by Chapter 174 of the Texas Local Government Code, the court must first compare the provisions of the CBA with the actions being undertaken by the City to determine if the City has altered the terms of the CBA. According to this Court's prior opinion, that exercise triggers Article 30, Section A, because it requires the interpretation and/or application of the terms of the CBA.

In the present case, however, it makes no difference if Cortes's claims require an interpretation and/or application of the terms of the CBA, because an individual fire fighter (as opposed to the Union) can rely on Article 30, Section B to bring statutory claims in a judicial forum, without regard to whether those statutory claims require an

interpretation and/or application of the terms of the CBA. Cortes has clearly raised statutory claims in his petition, seeking both declaratory and injunctive relief based upon the CITY violation of his statutory rights under Chapters 143 and 174 of the Texas Local Government Code. (CR 22 – 25).[1]

**B.**     **Claim Preclusion can not Apply in a Subsequent Lawsuit which Relies on a Distinct Procedural Mechanism not Available to the Prior Litigant.**

The opinion issued by the Court herein thus bars Cortes from bringing his judicial claim based on a prior opinion that specifically recognized the contractual distinction between a Union's grievance and an individual fire fighter's grievance. While the Union had no opportunity to rely upon Article 30, Section B to avoid arbitration – because it only applies to individual fire fighters – Cortes's lawsuit is *solely predicated on that very provision*. As argued previously, the question of whether Cortes's statutory allegations require "the interpretation and/or application of the terms" of the CBA is irrelevant to his contractual right to file his lawsuit because he is an individual and not the Union. Section B, which only applies to individual fire fighters, does not contain that language and that determination is unnecessary under Section B; the *only requirement* is that the fire fighter claim a statutory or constitutional violation. Once again, Cortes has met that minimal requirement.

---

[1] Moreover, Article 30, Section B does look beyond the "claim" itself to determine whether the claim even has merit; the language of the CBA merely requires that an employee *claim* a violation of statutory or constitutional rights in order to fit within this contractual provision and have the right to file a lawsuit. Nothing in this provision requires that the fire fighter ultimately prevail on his statutory claim, only that he asserts the claim. Cortes certainly met this minimal hurdle through his pleadings. (CR 22-25).

In reaching its conclusion that collateral estoppel bars Cortes's lawsuit, the Court initially concludes that "the issue of whether the parties should be compelled to arbitration pursuant to the CBA was fully and fairly litigated in the first proceeding." Opinion at 7. The Court's statement fails to recognize that the contractual mechanism that compelled the Union to arbitration (Article 30, Section A) is completely separate and distinct from the contractual mechanism relied upon by Gerard Cortes in bringing his lawsuit (Article 30, Section B). The fact that the provision relied upon by the Union is different than the provision relied upon by Cortes should, at a minimum, require the Court to interpret the different provision (Article 30, Section B), something the Court explicitly did not do in the original case involving Local 624.

Moreover, the Court's summary disposition of Cortes's Chapter 143 claim is equally inconsistent with principles of issue preclusion. On page 7 of its opinion, the Court opines that "even though Cortes added a slightly different claim," collateral estoppel still applies to bar Cortes's lawsuit. *Opinion at 7; citing Proctor v. Dist. of Columbia*, No. 13-00985, 2014 WL 6676232, at *6 (D.D.C. Nov. 25, 2014). The *Proctor* case, however, does not support the Court's decision to bar Cortes's claim. In fact, *Proctor* makes clear that issue preclusion can only occur when the *same issue* has been contested by the parties, submitted to the court in the prior case and determined by a court of competent jurisdiction. *Id.* In *Proctor*, both the earlier lawsuit and the case at issue dealt with whether a mass layoff of school teachers was pretextual in nature. Because the pretext argument had been made in the earlier case, and had been rejected

-6-

by the court, raising pretext again in the later case, even in the context of a discrimination lawsuit, was barred under the doctrine of collateral estoppel. *Id. at \*7.* In the case at bar, Cortes's attempt to litigate his statutory claims against the City, under both Chapter 143 and Chapter 174, and pursuant to Article 30, Section B of the CBA, *was never litigated in the prior case involving the Union,* because Article 30, Section B only applies to individual employees. Thus, there has never been a determination as to whether or not SAFD employees, such as Cortes, may bring statutory claims against the City in district court pursuant to Article 30, Section B of the CBA. The plain language of Article 30, Section B certainly grants fire fighters that right. This Court, however, without even interpreting that language, has denied fire fighters the right granted to them by the plain language of the contract.

The fatal flaw in this Court's legal reasoning is further displayed through its discussion of privity. Stating the general proposition that union "members are considered to be in privity with their union for purposes of collateral estoppel," the Court cites *Hitchens v. Cnty. of Montgomery*, 98 Fed. Appx. 106, 114 (3d Cir. 2004) and *Heade v. Wash. Metro. Area Transit Auth.,* No. 09-02460, 2010 WL 938462, at \*2 n.2 (D.C.C. 2010). Both of these cases look at the substantive merits of the claims involved and not at the procedural mechanisms that were necessary to allow judicial review. For example, the Third Circuit in *Hitchens* identified the elements necessary to assert a wrongful termination claim predicated on protected First Amendment activity. The court concluded that all three of those specific elements had been previously litigated by

Hitchens, thus precluding his claim. *Hitchens*, 98 Fed. Appx. at 112. Similarly, in *Heade*, the court barred a former employee's lawsuit alleging she was terminating for filing a worker's compensation claim. The court rejected the suit because the employee had previously lost an arbitration raising the same issue. *Meade*, 2010 WL 938462 at *1, *2. Unlike both of these cases, the prior lawsuit involving Local 624 did not address the question of whether an individual employee such as Cortes could proceed with statutory claims against the City in a judicial proceeding pursuant to Article 30, Section B of the CBA. *That is the only question raised by this appeal and that question has never been addressed by the Fourth Court of Appeals.*

## III.    Conclusion and Prayer

For the reasons set forth herein, Gerard Cortes respectfully prays that the Court GRANT this motion for rehearing, withdraw its prior opinion, AFFIRM the trial court's orders denying the City's motion to abate and motion to reconsider motion to abate, and REMAND this case to the trial court for further proceedings consistent with this Court's decision. Cortes further seeks such other and further relief, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

THE LAW OFFICES OF RICKY J. POOLE
THE FORUM BUILDING
8000 IH-10 West, Suite 600
San Antonio, Texas 78230
(210) 525-7988 [TELEPHONE]
(210) 525-7987 [TELECOPIER]
rpoole@alamocityattorney.com

By: ___/s/ Ricky J. Poole___
RICKY J. POOLE
State Bar No. 16124680

ATTORNEYS FOR APPELLEE


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been served upon the following counsel of record on this 15th day of JUNE, 2015 by the method set forth below:


Jacqueline M. Stroh                                                   **ELECTRONIC MAIL**
THE LAW OFFICE OF JACQUELINE M. STROH, P.C.
10101 Reunion Place, Suite 600
San Antonio, Texas 78216

ATTORNEYS FOR APPELLANT
THE CITY OF SAN ANTONIO


___/s/ Ricky J. Poole___
RICKY J. POOLE